UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 19-CV-3844 (ARR) (RER)

---

DB INSURANCE COMPANY, LTD,

Plaintiff,

VERSUS

UNITED STATES INTERNAL REVENUE SERVICES ET AL.,

Defendants.

---

**REPORT & RECOMMENDATION**

December 21, 2021

---

**TO THE HONORABLE ALLYNE R. ROSS**
**SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff DB Insurance Company, LTD ("DB" or "Plaintiff") commenced this interpleader action on July 2, 2019, naming United States Internal Revenue Services ("United States"), Gary Arcieri ("Arcieri"), New York State Department of Taxation and Finance ("NYS Tax"), J.P Morgan Chase Bank ("Chase"), and United Window & Door Manufacturing, Inc ("United") as defendants (collectively, "Defendants"). (ECF. No. 1 ("Compl.")).[1] Since the action was filed, Arcieri filed an answer and counterclaim against DB, United filed an answer and crossclaim against Arcieri, and the United States filed an answer and crossclaims against all other Defendants.

---

[1] Plaintiff predicates subject matter variously on Fed. R. Civ. P. 22, 28 U.S.C. §§ 1335, 1397, 2361 and 2410, and 26 U.S.C. §7402. (Compl. at ¶¶ 1-2).

(ECF Nos. 6, 13 and 22). Neither NYS Tax nor Chase have responded to the Complaint or the United States' crossclaims.[2] Also, DB has deposited the interpleader funds with the Court, less $2,800 in attorney's fees, in the total amount of $25,382.87. (*See* ECF Nos. 23, 28–31; ECF entry dated 5/19/20). Further, Your Honor has so ordered a stipulation between the United States, Arcieri and United, that resolves those parties' competing claims to the interpleader funds, such that upon resolution of this matter the interpleader funds will be distributed to the United States. (ECF No. 40).

Currently before the Court is the United States' motion for default judgment on its crossclaims against NYS Tax and Chase. (ECF No. 38).[3] Your Honor has referred this motion to me for a report and recommendation. (ECF entry dated 3/1/21). After carefully reviewing the record, for the reasons set forth herein, I respectfully recommend that the motion be GRANTED, that default judgment be entered against NYS Tax and Chase and that the interpleader funds be distributed to the United States.

**BACKGROUND**

DB is an insurance corporation authorized to do business within the state of New York. (Compl. ¶ 6). DB issued an insurance policy to Arcieri covering his property in Northport, New York (the "Northport Property"). (*Id.*, ¶12). On or about November 3, 2018, a blow valve broke on a boiler at the Northport Property and Arcieri filed a claim with DB related to the property

[2] Pursuant to DB's request (ECF No. 24), the Clerk of Court entered default against NYS Tax and Chase on DB's interpleader complaint on January 2, 2020 (ECF Nos. 24 and 25). The Clerk of the Court entered default these Defendants' defaults on the United States' crossclaims on December 28, 2020. (ECF Nos. 36 and 37).

[3] Despite their failure to answer, DB did not move for default judgment against either NYS Tax or Chase. Rather, DB moved to deposit the interpleader funds with the Court on December 23, 2019. (ECF No. 23). DB then subsequently moved for attorney's fees related to its work in the interpleader action, and filed a stipulation with the other answering parties that DB be released from liability upon depositing the interpleader funds with the Court. (ECF No. 29). This Court granted the motion to deposit the interpleader funds with the Court minus the attorney's fees, but did not so order the stipulation terminating DB as a party. (ECF No. 30).

damage caused thereby. (*Id.* ¶ 13). After negotiation, DB and Arcieri agreed to the amount of the claim -- $28,181.87. (*Id.* ¶ 16). As part of a routine investigation into the claim, DB ran a title search on the Northport Property which revealed a mortgage and several liens, including: a perfected federal tax lien from United States in the amount of $150,599.12 from 2016; a personal judgment perfect by Chase in the amount of $92,475.70 from 2012; a second personal judgment perfected by United in the amount of $23,785.52 from 2015; and three tax warrants from NYS Tax, one from 2014 in the amount of $49,809.30, and two from 2015 in the amounts of $1,298.18 and $5,565.43. (*Id.* ¶ 15). DB subsequently brought this action to determine which of the Defendants had the best claim to interpleader funds. (*Id.* ¶¶ 16–22).

## DISCUSSION

### I. Jurisdiction

"When a judgment is sought against a defaulting party, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Hawkins v. Boyd*, No. 16-CV-1592 (FB)(RML), 2016 WL 7626577, at *2 (E.D.N.Y. Nov. 18, 2016) (internal quotations and citations omitted), *adopted by* 2017 WL 27949 (Jan. 3, 2017); *see also First Reliance Standard Life Ins. Co. v. Virtuecunningham*, No. 14-CV-6970 (NG)(RML), 2015 WL 9595404, at *2 (E.D.N.Y. Nov. 20, 2015) (collecting cases), *adopted by* 2015 WL 9596154 (Dec. 18, 2015).

#### A. Subject Matter Jurisdiction

Determining whether subject-matter jurisdiction exists over an interpleader action requires first determining the type of action before the Court. There are two types of interpleader actions, "Rule Interpleader," brought under Rule 22 of the Federal Rules of Civil Procedure, and "Statutory Interpleader," brought under the Federal Interpleader Act, 28 U.S.C. § 1335. *Allstate Indem. Co.*

*v. Collura*, No. 15-CV-5047 (JS)(AKT), 2018 WL 718398, at *4 (E.D.N.Y. Feb. 5, 2018); *CF 135 Flat LLC v. Triadou SPV S.A.*, No. 15 Civ. 5345 (AJN), 2016 WL 1109092, at *1 (S.D.N.Y. Mar. 18, 2016). "The two types of interpleader serve the same purpose and perform the same function, and differ only in their requirements for subject matter jurisdiction, venue, and service of process." *Madison Stock Transfer, Inc. v. Exlites Holdings Int'l, Inc.*, 368 F. Supp. 3d 460, 472–73 (E.D.N.Y. 2019) (quoting *Great Wall De Venezuela C.A. v. Interaudi Bank*, 117 F. Supp. 3d 474, 483 (S.D.N.Y. 2015)). Under both types of interpleader, the party who brings the interpleader claim is responsible for satisfying these the jurisdictional requirements. *Id.* at 473. Once subject-matter jurisdiction is established, both types of interpleader also require a showing that the "plaintiff may [be] expose[d] to double or multiple liability." *Seldon Clean Water Prod. (Asia) L.P. v. Taran*, No. 18-CV-4853 (BMC), 2019 WL 1118043, at *2 (E.D.N.Y. Mar. 11, 2019) (quoting *Metro. Life Ins. Co. v. Little*, No. 13-CV-1059, 2013 WL 4495684, at *3 (E.D.N.Y. Aug. 17, 2013)).

Here, DB asserts jurisdiction based on Rule Interpleader, which requires an independent basis for federal jurisdiction. *Madison Stock Transfer, Inc.*, 368 F. Supp. 3d at 473. DB asserts that federal question jurisdiction exists "as the claim involves a federal tax lien and a priority determination that will be subject to federal law[.]" (Compl. ¶ 4).

"Although the Second Circuit has not addressed the issue, the majority of courts to address whether there is federal question jurisdiction when the Government makes a claim to funds in an interpleader action based on unpaid taxes—including several courts in this Circuit—have held that federal question jurisdiction exists." *Allstate Indem. Co*, 2018 WL 718398, at *4 (collecting cases); *see also Woods Oviatt Gilman, LLP v. United States*, No. 12-CV-6286T, 2013 WL 1636042, at *4 (W.D.N.Y. Apr. 16, 2013) ("the IRS, acting pursuant to federal law, has made a claim to the funds held by the plaintiff. That act is sufficient to create a federal question with respect to the

interpleader funds that is justiciable by this Court."). As such, the Court has subject-matter jurisdiction over this case.

DB alleges that there are multiple claims to the interpleader funds, from Arcieri, the United States, and the other Defendants (Compl. ¶¶ 15–21), and several Defendants filed counterclaims against DB, showing that DB was in a position to be exposed to multiple liability, and that this interpleader action is appropriate. *See Wells Fargo Bank, N.A. v. Krenzen Auto Inc.*, *No*. 19-CV-5329 (PKC)(RER), 2021 WL 695122, at *2 (E.D.N.Y. Feb. 23, 2021). I agree.

**B. Personal Jurisdiction**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Hawkins*, 2016 WL 7626577, at *2 (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also* Fed. R. Civ. P. 4. Defendant NYS Tax filed a waiver of the service of summons on October 22, 2020 (ECF No. 34), and Chase was served via the New York Secretary of State on October 23, 2020. (ECF No. 35). NYS Tax is an agency of the State of New York (Compl. ¶ 9), and Chase is a corporation duly organized and existing under the laws of the United States that has its headquarters in New York, New York. (*Id.* ¶ 10). Service was proper in both cases, and the Court has personal jurisdiction over both Defendants.

## II. Default Judgment

Rule 55 specifies a two-step process for entering judgment against a party who fails to defend: "first, the entry of a default, and second, the entry of a default judgment." *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "While more frequently it is the plaintiff who moves for entry of default judgment,

the right of a defendant in an interpleader action to do so is recognized." *Hawkins*, 2016 WL 7626577, at *3 (collecting cases).[4]

As to the first step, the Clerk of Court entered default against NYS Tax and Chase on December 28, 2020. (Clerk's Entry of Default). Step one is satisfied.

As to the second step, "[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Metro. Life*, 2013 WL 4495684, at *2 (quoting *Gen. Accident Grp. v. Gagliardi*, 593 F.Supp. 1080, 1089 (D. Conn. 1984)) (internal quotation marks omitted); *see also Wells Fargo Bank, N.A*, 2021 U.S. Dist. LEXIS 33946, at *6-7 (collecting cases); *Virtuecunningham*, 2015 WL 9595404, at *4 (collecting cases); *Hawkins*, 2016 WL 7626577, at *4 (collecting cases). Here, neither NYS Tax nor Chase have answered the interpleader complaint, or the United States' crossclaims, satisfying step two. Moreover, I have carefully reviewed both the interpleader complaint and the United States' crossclaims and can say definitively that they both assert valid causes of action against NYS Tax and Chase. Therefore, I respectfully recommend that the Court enter default judgment against both parties on both the interpleader complaint and the crossclaims.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the United States' motion for default judgment against NYS Tax and Chase be granted. As a corollary to this motion, I

[4] The Court will overlook the United States' failure to comply with the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), which require all motions to be accompanied by a "memorandum of law, setting forth the cases and other authorities relied upon in support of the motion[.]" Local Rule 7.1; see also *Gustavia Home, LLC v. Vaz*, No. 17-CV-5307 (ILG)(RER), 2019 WL 3752772, at *4 (E.D.N.Y. Aug. 8, 2019) ("the Second Circuit has made it clear that the court has broad discretion to excuse noncompliance with Local Rules,") (internal quotations and citations omitted), *aff'd*, 824 F. App'x 83 (2d Cir. 2020).

respectfully request that Your Honor enter default judgment against NYS Tax and Chase on the interpleader complaint and discharge DB from any liability related to the interpleader funds.

United States' counsel is hereby directed to serve copies of this Report and Recommendation upon NYS Tax and Chase by regular and certified mail and to file proof of service with the Clerk of the Court by December 31, 2022. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Allyne R. Ross within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989).

**RESPECTFULLY RECOMMENDED**

/s/ Ramon E. Reyes, Jr.
Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge

Dated: December 21, 2021
Brooklyn, NY